UNITED STATES COURT OF FEDERAL CLAIMS

*(Electronically Filed January 25, 2008)*

| | | |
|---|---|---|
| THE ELIZABETH STONE TRUST BY AND THROUGH ELIZABETH STONE, TRUSTEE; et al., Plaintiffs, | ) | |
| v. | ) | No. 07-822 L |
| | ) | Judge Robert H. Hodges, Jr. |
| THE UNITED STATES, Defendant. | ) | |

**ANSWER**

COMES NOW Defendant UNITED STATES, and hereby responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

FIRST DEFENSE

1. The allegations of the Paragraph 1 are a characterization of Plaintiffs; case to which no response is required. To the extent matters of fact are alleged, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

2. The allegations of the Paragraph 2 are a conclusion of law to which no response is required; to the extent matters of fact are alleged, they are denied. Defendant specifically denies that it has caused a taking of Plaintiffs' property.

3. The allegations of Paragraph 3 are conclusions of law to which no response is required. In further response, Defendant admits that 28 U.S.C. Section 1491 is the principal statute conferring jurisdiction on the United States Court of Federal Claims to hear Fifth

Amendment takings claims.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 5.

6. In response to the allegations of Paragraph 6, Defendant admits that it is the United States.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 8.

9. Defendant admits that the properties described in Paragraphs 7 and 8 has been subject to periodic and intermittent flooding from Big Creek, as well as from overland flow.

10. The allegations of Paragraph 10 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied.

11. The allegations of Paragraph 11 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied.

12. The allegations of Paragraph 12 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied, except that Defendant admits that Plaintiff is requesting compensation in this lawsuit.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's awareness of flooding on its property or its actions when it became aware

of the flooding. In further response, Defendant denies that the nature and extent of the damage to Plaintiff's property did not become clear and ascertainable until late 2005.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 14.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 15.

16. The allegations of Paragraph 16 are admitted.

17. The allegations of Paragraph 17 are admitted.

All allegations of the complaint which have not been specifically admitted or otherwise answered are hereby denied.

SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

THIRD DEFENSE

The cause of action alleged in the complaint did not accrue within six years prior to the filing of this action, and is accordingly barred by the Statute of Limitations, 28 U.S.C. Section 2501.

FOURTH DEFENSE

Plaintiff's claim is barred by the doctrine of laches.

WHEREFORE, Defendant respectfully requests that this Court enter an order:

1. Dismissing the complaint with prejudice;

2. Assessing the costs of this litigation against Plaintiffs; and

3. Granting such other relief as the Court may deem just and proper.

Dated: January 25, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

s/ Susan V. Cook

SUSAN V. COOK, Senior Attorney
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0470
(202) 305-0506 fax
Email: susan.cook@usdoj.gov

Attorney of Record for Defendant